UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FEC HIGHWAY SERVICES,
LLC,

    Plaintiff,

v.                                                                              Case No. 3:25-cv-256-MMH-SJH

PENSKE TRUCK LEASING
CO, LP,

    Defendant.

## O R D E R

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279–80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to

28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

On March 7, 2025, Plaintiff initiated this action by filing a one-count Complaint (Doc. 1). In the Complaint, Plaintiff asserts that the Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. See Complaint ¶ 1. Upon review, Plaintiff has failed to adequately allege the citizenship of Penske Truck Leasing CO, LP (Penske) and FEC Highway Services, LLC (FEC). Accordingly, the Court is unable to determine whether it has diversity jurisdiction over this action.

As to Penske, Plaintiff alleges that it "is a limited partnership," and is a "joint venture owned by Penske Corporation ('Penske Co.'), Penske Automotive Group ('PAG'), and Mitsui & Co., Ltd. ('Mitsui')." Id. ¶¶ 2–3.[1] An unincorporated business association or entity is not a "citizen" under 28 U.S.C. § 1332(a) in its own right. See Xaros v. U.S. Fid. & Guaranty Co., 820 F.2d 1176, 1181 (11th Cir. 1987). Instead, "the citizenship of its members [or partners] is determinative of the existence of diversity of citizenship." Id. Therefore, to sufficiently allege the citizenship of this entity, a party must list the citizenship of all members or partners of that entity. See Rolling Greens MHP, L.P. v.

---

[1] Plaintiff further alleges that "Penske Co., is a corporation existing under the laws of Delaware, with its principal place of business located in Bloomfield Hills, Michigan"; "PAG is a corporation existing under the law of Delaware, with its principal place of business located in Bloomfield Hills, Michigan"; and "Mitsui is a foreign corporation existing under the laws of Japan, with its principal place of business located in Tokyo, Japan." Complaint ¶¶ 4–6.

Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam); see also Underwriters at Lloyd's, London v. Osting-Schwinn, 613 F.3d 1079, 1089 (11th Cir. 2010); Xaros, 820 F.2d at 1181. Because Plaintiff has identified Penske's ownership structure rather than Penske's partners (and their citizenship) the Court is unable to determine whether it has diversity jurisdiction over this action.

As to FEC, Plaintiff alleges that it "is a Florida limited liability company," Complaint ¶ 7, and "is a wholly owned subsidiary of Grupo Mexico Transportes (GMXT), a Mexico [sic] corporation with its principal place of business located in Mexico City, Mexico," id. ¶ 8. Again, as explained above, the Court is unable to determine whether it has diversity jurisdiction over this action because Plaintiff has failed to identify FEC's members and their citizenship.

One final observation. Plaintiff appears to be invoking a form of diversity jurisdiction known as "alienage jurisdiction," under which federal courts may hear cases between "citizens of a State and citizens or subjects of a foreign state." See Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1340 (11th Cir. 2011) (quoting 28 U.S.C. § 1332(a)(2)); see also Complaint ¶ 8. However, "[l]ike the complete diversity rule in cases between citizens of different states, alienage jurisdiction prohibits an alien from suing another alien in federal court unless the suit includes United States citizens as plaintiffs and defendants." Id. (internal citations omitted); see also Iraola & CIA, S.A. v.

Kimberly-Clark Corp., 232 F.3d 854, 860 (11th Cir. 2000) ("It is a standard rule that federal courts do not have diversity jurisdiction over cases where there are foreign entities on both sides of the action, without the presence of citizens of a state on both sides."). Thus, "an alien on both sides of a dispute will defeat jurisdiction." Caron v. NCL (Bahamas), Ltd., 910 F.3d 1359, 1364 (11th Cir. 2018).

Here, the sole plaintiff in this action is FEC, which if the allegations in the Complaint are true, is a citizen of Mexico. See Complaint ¶ 8. Additionally, if it turns out that Mitsui is a partner of Penske, then Defendant would be a citizen of Japan. See id. ¶ 6. As such, given the presence of aliens on both sides of this dispute, complete diversity would be lacking. See Iraola & CIA, S.A., 232 F.3d at 860; see also 14A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3661 (4th ed.) ("Although cases in which there are aliens on both sides of the dispute but a citizen (or citizens) on only one are not explicitly dealt with by Section 1332, a considerable number of federal courts that have addressed this situation, including several courts of appeals, have deferred to the background rule prohibiting aliens on both sides of a diversity of citizenship dispute and have denied subject-matter jurisdiction." (collecting cases)). Therefore, absent any other apparent basis for federal subject matter jurisdiction, this action would be due to be dismissed without prejudice for lack of jurisdiction.

In light of the foregoing, and "in the hope of preventing the needless expenditure of litigant and judicial resources that occurs when a case proceeds to trial in the absence of subject matter jurisdiction[,]" see Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010), the Court will afford Plaintiff an opportunity to submit sufficient information to establish this Court's diversity jurisdiction over the instant action.

Accordingly, it is

**ORDERED:**

Plaintiff shall have up to and including **April 4, 2025**, to provide the Court with sufficient information so that it can determine whether it has subject matter jurisdiction over this action.

**DONE AND ORDERED** in Jacksonville, Florida this 24th day of March, 2025.

/s/ Marcia Morales Howard
MARCIA MORALES HOWARD
United States District Judge

Lc32

Copies to:
Counsel of Record